**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
    csanders@sanderslaw.group
Jacqueline Mandel, Esq. (Cal Bar 317119)
    jmandel@sanderslaw.group
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

*Attorneys for Plaintiff*

LEECH TISHMAN NELSON HARDIMAN
Allen B. Grodsky (SBN 111064)
*agrodsky@leechtishman.com*
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Weather Productions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Adam Levine, <br><br> Defendant. | Case No. 2:25-cv-06866-GW-AJR <br><br> **JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING PLAN** <br><br> Judge: Hon. George H. Wu <br> Magistrate Judge: A. Joel Richlin <br><br> Complaint Filed: July 28, 2025 |

1

Counsel for the parties, having conferred pursuant to the Court's Initial Order Setting Rule 26(f) Scheduling Conference, Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, hereby submit this Joint Rule 26(f) Report and Proposed Discovery Plan.

1. **Statement of the Case**

**Plaintiff's Statement:** This action seeks to recover damages for copyright infringement. Defendant Adam Levine ("*Defendant*") operates a social media account on Instagram.com @adamlevine (the "*Account*").

Michael Brandon Clement ("*Clement*") created a Video of hurricane damage to Abacos Islands in the Bahamas (the "*Video*"). The Video was authored by Clement on September 3, 2019. The Video was registered with United States Copyright Office on September 25, 2019 under Registration No. PA 2-214-139. Plaintiff acquired the rights in and to the Video by way of written assignment.

On September 6, 2019, Defendant displayed the Video on the Account at URL: https://www.instagram.com/p/B2FipVLDL0m/?img_index=2 (the "*Infringement*"). Plaintiff commenced this action upon its discovery that Defendant used the Video on the Account, and that Defendant did not have a license, authorization or other permission from Plaintiff to do so. Plaintiff's claim for direct copyright infringement is based upon the belief that Defendant was directly responsible for copying, posting and storing Plaintiff's Video on the Account.

**Defendant's Statement:** This case is about a 2019 post on Defendant's Instagram account urging Defendant's followers to donate to two charitable organizations, the Red Cross Disaster Relief Fund and Amazon Conservation, as a result of several environmental disasters around the world. The post included two photos of natural disasters and a less than 30 second video of flooding in the Bahamas. Plaintiff claims to own the copyright to this short video and filed suit,

six years after the post, seeking to recover damages for this non-commercial use of the video.

2. **Legal issues:**

   **Plaintiff**: the key legal issue is whether Defendant willfully and intentionally copied and displayed Plaintiff's copyrighted Video on the Account.

   **Defendant**: The key legal issue is whether Defendant's non-commercial use was a fair use of the work.

3. **Damages**

   **Plaintiff**: As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c). Plaintiff is also entitled the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505.

   **Defendant**: Defendant obtained no profits as a result of the non-commercial use of the video to urge his followers to donate to disaster relief organizations. While Defendant has not conducted any discovery, it anticipates that discovery will establish that Plaintiff has either suffered no actual damages or that those damages are exceedingly minimal. Defendant contends that he will be the party entitled to recover costs pursuant to Federal Rule 68(d).

   .

**4. Discovery Plan (FRCP 26(f)(3)).**

(a) The parties shall serve their initial disclosures by November 10, 2025. The parties do not have any further changes to the timing, form, or requirement for disclosures under Rule 26(a).

(b) Plaintiff intends to conduct discovery on the following topics, including through interparty written discovery, third-party written discovery, and depositions: (1) Internal policies and procedures regarding copyright compliance; (2) complaints and demand letters received regarding intellectual property infringement received by Defendant; (3) Analytics for Defendant's Account; (4) The status/titles of the individuals who posted Plaintiff's Video and the nature of their relationship with Defendant; (5) The ownership and compensation made from the Account; (6) Ownership, creation and operation of Defendant's Account, including contracts and billing records for the Account developers; (7) Persons responsible for creating and maintaining content on Defendant's Account; (8) Defendant's relationship with vendors and other retailers; and (9) Any other issues attendant to the claims set for in Plaintiff's Amended Complaint and Defendant's Answer to the Complaint and Affirmative Defenses. Defendant intends to conduct discovery on (1) Plaintiff's prior licensing, if any, of the video and other works, including, in particular, for use in charitable purposes, (2) Plaintiff's attempts to monitor uses of its videos and its alleged discovery of the Instagram post at issue; (3) communications between Plaintiff and third parties regarding Defendant and the Instagram post at issue; (4) registration of the copyright for the work at issue; (5) creation of the work.

(C) The parties are unaware of any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

(D) The parties agree that the inadvertent production of privileged or trial preparation materials shall not constitute a waiver of such privilege and that the materials shall be immediately returned or destroyed upon request of the party in the event of such inadvertent production.

(E) The parties do not believe any changes should be made in the limitations on discovery imposed under these rules or by local rule.

(F) The parties agree that a stipulated protective order should be entered to protect confidential information including financial information.

**5. Complex Case (LR-26.1(a)).**

The parties agree that this case is not complex and that the procedures in the Manual for Complex Litigation should not be utilized.

**6. Motions (LR-26.1(b)).**

Plaintiff intends to file a motion for summary judgment on direct copyright liability. Defendants intend to file a motion for summary judgment and/or partial summary judgment on fair use and damages. The parties do not anticipate filing any motions to add other parties or claims, file amended pleadings, or transfer venue.

The parties propose a dispositive motion cut-off date of August 14, 2026.

**7. Settlement and Settlement Mechanism (LR-26-1(c)):**

The parties have begun informal settlement discussions. The parties agree to utilize ADR Procedure No. 1 set forth in LR 16-15.4, a settlement conference before a magistrate judge.

**8. Trial Estimate (LR 26-1(d)):**

The parties have conferred, and their present best estimate of the length of trial is approximately three (3) days, to be revisited as discovery progresses.

**8. Additional Parties (LR-26.1(d)).**

Neither party anticipates the appearance of additional parties.

**9. Expert Witnesses (LR-26.1(e)).**

The parties propose that the initial disclosure of expert witnesses and reports take place on July 1, 2026, and disclosure of rebuttal expert witnesses on July 22, 2026.

DATED: November 3, 2025            **SANDERS LAW GROUP**

By: /s/ Jacqueline Mandel
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 130249

*Attorneys for Plaintiff*

DATED: November 3, 2025            LEECH TISHMAN NELSON HARDIMAN

By /s/ Allen B. Grodsky
   Allen B. Grodsky

*Attorneys for Defendant*